# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
     )
   v.     )  I.D. No. 1509003025
     )
SHAWN D. DANIELS,     )
     )
   Defendant.     )
     )

## ORDER LIFTING THE STAY AND DENYING RULE 35(A) MOTION

Having considered Shawn D. Daniels' ("Daniels") Motion for Correction of Illegal Sentence under Superior Court Criminal Rule 35(a)[1] and Argument of Facts to Support Recently Submitted 35(a)[2] (together, the "Motion"), for the reasons that follow, the Motion is **DENIED**.

### Introduction

1.	After the United States Supreme Court's decision in *Erlinger v. United States*[3] in June 2024, many Delaware inmates filed motions under Superior Court Criminal Rule 35(a) arguing that their sentence was illegal. Due to the significant number of motions seeking relief under *Erlinger*, the Court coordinated with counsel to establish a consolidated briefing schedule for a subset of the cases (*i.e.,* the

---

[1] D.I. 96.
[2] D.I. 98.
[3] 602 U.S. 821 (2024).

Bellwether Cases).[4] Many of the remaining motions, including this one, were stayed pending a ruling in the Bellwether Cases.[5] Daniels moved to lift the stay, making the same arguments he made in the Motion,[6] which was denied.[7]

2.     Upon further review of Daniels' Motion, the Court has determined that because of Daniels' plea, there is no need to wait for a ruling in the Bellwether Cases to address the Motion.  Accordingly, the stay is hereby lifted.

***Procedural and Factual Background***

3.     On March 7, 2016, Daniels pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP").[8]  In the Plea Agreement, Daniels agreed that he was eligible to be sentenced as a Habitual Offender under 11 *Del. C.* § 4214(a) based on the following convictions: Distribution within 300 feet of a Park (2005), Possession of a Firearm by a Person Prohibited (2002), Possession of a Firearm by a Person Prohibited (2000), and Maintaining a Vehicle (2010).  The Plea Agreement stated that the State intended to file a motion seeking to declare Daniels a Habitual

---

[4] *State v. Larrice S. Asberry*—ID No. 9705019895, *State v. Ansara M. Brown*—ID No. 1205025968A, *State v. Michael D. Chamber*s—ID No. 0311009491A, *State v. Joshua A. Chattin*—ID No. 1510013711A, *State v. Troy M. Dixon*—ID No. 1211005646A, *State v. James J. Durham*—ID No. 1003006262, *State v. Gigere F. Jackson*—ID No. 1707014544, *State v. Roger L. Johnson*—ID No. 9908000065, *State v. Tyrone A. Miles*—ID No. 0709015392A, *State v. Kori A. Thomas*—ID Nos. 1705004684 / 1705004742, *State v. Jeffrey W. Thomas*—ID No. 1403008516, and *State v. Daemont L. Wheeler*—ID No. 0911008949.
[5] D.I. 99.  The stay was entered on March 14, 2025.
[6] D.I. 100, filed on April 9, 2025.
[7] D.I. 101, filed on April 24, 2025.
[8] D.I. 15, 25.

Offender. As Daniels acknowledged on the Truth-In-Sentencing form, he faced 15 years minimum mandatory at Level V and up to life in prison. The State agreed to cap its recommendation of Level V time at 15 years.[9]

4. On April 19, 2016, Daniels filed a Motion to Withdraw his Guilty Plea.[10] After the motion was fully briefed, the Court denied it on July 29, 2016.[11]

5. On September 9, 2016, the State filed an Amended Motion to Declare Daniels a Habitual Offender, pursuant to 11 *Del. C.* § 4214(b).[12] The Habitual Offender reflected the following felony convictions:

| Offense | Offense Date | Conviction Date | Sentence Date |
|---|---|---|---|
| PFBPP (non-violent felony)[13] | July 18, 2000 | Oct. 18, 2000 | Oct. 18, 2000 |
| PFBPP (non-violent felony) | Oct. 22, 2001 | Oct. 28, 2002 | Oct. 28, 2002 |
| Distribution within 300 feet of a Park (violent felony)[14] | Apr. 19, 2005 | June 20, 2005 | Sept. 2, 2005 |
| Maintaining a Vehicle to Keep Controlled Substances (non-violent felony) | Dec. 2. 2009 | May 17, 2010 | Sept. 10, 2010 |

---

[9] D.I. 15.

[10] D.I. 17.

[11] D.I. 41.

[12] D.I. 37. The State previously filed Motion to Declare Daniels a Habitual Offender under Section 4214(a), but filed the amended motion to reflect the substantive changes in the then-recent amendment to the statute. *See* D.I. 36.

[13] The motion noted that the offense of PFBPP was first classified as a violent felony in 2003. The 2000 and 2001 PFBPP charges predated the reclassification.

[14] At the time of the offense, Distribution within 300 feet of a Park was classified as a violent felony. *See* 1996 Delaware Laws Ch. 477 (H.B. 507).

6.      Due to the then-recently amended Habitual Offender statute, the State clarified that if the Court granted the State's motion, Daniels faced 7½ years of minimum mandatory prison time, instead of 15 years.[15]  At the September 26, 2018, sentencing hearing, the Court granted the State's motion, declaring Daniels a Habitual Offender.[16]  The State requested 15 years at Level V, and Daniels requested 7½ years.[17]  The Court sentenced Daniels to 13 ½ years at Level V.[18]

7.      In 2021, Daniels filed a Motion for Correction of Illegal Sentence under Rule 35(a).[19]  Daniels argued that the prior offenses the State relied on to declare him a Habitual Offender did not satisfy Section 4214(b).  He asserted that the two PFBPP charges were not violent felonies and the remaining two charges were no longer violent felonies under the Ned Carpenter Act.  Daniels argued that the 2015 PFBPP offense was not a violent offense and with no prior violent felonies, he could not be declared a Habitual Offender.[20]

8.      The State responded that Daniels was correct – Section 4214(b) was not satisfied.  The State asserted that the reference to subsection (b) was a scrivener's error, and its motion should have reflected subsection (a).  The State contended that

---

[15] D.I. 36.
[16] D.I. 35.
[17] D.I. 39.
[18] D.I. 37.
[19] D.I. 71.
[20] *See also* D.I. 75.

Daniels' sentence was proper under subsection (a) and requested that the Court deny the motion.[21]

9. On January 31, 2022, the Court denied Daniels' Rule 35(a) motion, finding that the reference to subsection (b) was a typographical error and that Daniels was appropriately declared a Habitual Offender under Section 4214(a), by reason of having four prior felonies.[22] A Corrected Sentencing Order was entered on February 1, 2022, and reflected the declaration as a Habitual Offender under 11 *Del. C.* § 4214(a).[23]

10. Daniels filed a motion for reargument, which he subsequently supplemented, again asserting that he had no violent felony convictions prior to the 2015 PFBBP charge and therefore, the 2015 conviction was not a violent felony.[24] After the State's response,[25] and Daniels' reply,[26] the Court ruled on the motion on July 13, 2022.[27] The Court noted that Daniels pled guilty to a single count of PFBBP "in exchange for a dismissal of the other indicted charges and a favorable sentencing recommendation."[28] Delaware's Habitual Offender statute was amended after

---

[21] D.I. 74.
[22] D.I. 78.
[23] D.I. 79.
[24] D.I. 80-83.
[25] D.I. 85.
[26] D.I. 86.
[27] *State v. Daniels*, 2022 WL 2733509 (Del. Super. July 13, 2022).
[28] *Id.* at *1.

Daniels' plea but before his sentencing. The parties agreed to apply the new statutory provisions, which benefitted Daniels because it allowed his counsel to argue for a sentence "to less than the 15 years required by the pre-July-2016" amendments.[29] The Court stated that, at sentencing, it exercised its discretion to sentence Daniels to 13½ years, the first 10 of which were minimum mandatory under Section 1448(e)(1)(c).[30]

11.    The Court recognized that Daniels was attempting to violate his plea agreement, with the Court's assistance, by challenging his designation as a Habitual Offender, despite his acknowledgment of his habitual criminal status both verbally at the plea hearing and in writing.[31] While his acknowledgments should have been sufficient to dispose of his motion, the Court went on to address the merits "for avoidance of any doubt" that his representations were truthful.

12.    The Court noted what Daniels did not dispute: that (1) he had "no less than the four prior felony convictions listed in his plea agreement and the State's amend motion"; "if he had a prior conviction for any violent felony, then his 2015 PFBPP is itself a violent felony"; and that the definition of "'violent felony' as that

---

[29] *Id.* at *1.

[30] *Id.* at *2 (citing § 1448(e)(1)(c) (a person convicted of PFBBP "shall receive a minimum sentence of: Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.")). Daniels sentence was affirmed on direct appeal. *Daniels v. State*, 2017 WL 2812926 (Del. June 28, 2017).

[31] *State v. Daniels*, 2022 WL 2733509, at *4.

6

term is used in both § 1448(e) and § 4214 is controlled by the version of § 4201(c) in effect at the time he committed his 2015 PFBPP."[32]  Turning to the question of whether Daniels had a prior violent felony at the time of the 2015 PFBPP charge, the Court stated:

> While he'd rather not, one must first look to Daniels' 1997 conviction for Possession with Intent to Deliver Marijuana in violation of 16 *Del. C.* § 4752.  That felony was not just a designated violent felony on the § 4201(c) list in 2015, it has been a constant on the § 4201(c) list of violent felonies.  And it is that felony that first made Daniels a person prohibited.  Inarguably then, his 2000 PFBPP conviction is—for § 1448, § 4201(c), and § 4214 purposes—a Title 11 violent felony.  So too is Daniels' 2002 PFBPP conviction.  And while the remaining felony drug convictions alleged in the State's amended habitual criminal petition would not count in this case as "violent" felonies for aggravated sentencing enhancement under § 1448 or § 4214, they certainly remain in the base equation to calculate Daniels' habitual criminal status.[33]

13.    The Court concluded: "Given controlling law at the time of Daniels' crime and sentencing, his 2015 PFBPP conviction was no doubt eligible for enhanced sentencing under 11 *Del. C.* § 1448(e)(1)(c) and, therefore, could properly be deemed a subsequent triggering Title 11 violent felony under § 4214(b)."[34]

14.    The Court also found that the February 1, 2022 Corrected Sentencing Order reflecting the declaration as a Habitual Offender under Section 4214(**a**) was

---

[32] *State v. Daniels*, 2022 WL 2733509, at *4.
[33] *Id.* at *5 (citations omitted).
[34] *Id.*

7

incorrect, and Daniels was properly declared a Habitual Offender under Section 4214(**b**).[35] The Court ruled that Daniels' sentence was not illegal and denied his motion.[36]

15. Daniels appealed the Court's ruling, which the Delaware Supreme Court affirmed on January 12, 2023.[37]

16. In the Motion, Daniels again challenges his status as a Habitual Offender. He argues that under *Erlinger*, *Wooden v. United States*,[38] *Apprendi v. New Jersey*,[39] and other cases, "a jury must find the existence of any facts [-] statutory or non statutory [*sic*] [-] that ha[ve] been alleged by the State before sentencing a[] defendant to an enhanced sentence."[40] He asserts that Delaware's sentencing guidelines "specify that enhancements based on [prior convictions] are permissible only if factors have [been] proven beyond a reasonable doubt by a jury. Delaware law prohibits enhancing a sentence based on factors not substantiated through a jury trial or an admission from the defendant."[41]

---

[35] *Id.* at n.13. A Corrected Sentencing Order reflecting the declaration of Habitual Offender under Section 4214(b) was entered on July 13, 2022. D.I. 88.
[36] *Id.* at *6.
[37] D.I. 93.
[38] 595 U.S. 360 (2002).
[39] 530 U.S. 466 (2000).
[40] D.I. 96.
[41] D.I. 101.

*Standard of Review*

17.     Under Superior Court Criminal Rule 35(a), the Court "may correct an illegal sentence at any time."[42]  Rule 35(a) relief is limited to instances "when the sentence imposed exceeds statutorily-authorized limits, [] violates the Double Jeopardy Clause, . . . is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize."[43]

18.     Under Delaware's Habitual Offender statute, 11 *Del. C.* § 4214, when a defendant is convicted of the requisite number of felonies, he/she may be declared a Habitual Offender.  The Delaware Supreme Court has made clear that "when a procedurally adequate petition demonstrating the existence of the requisite number of prior felony convictions is filed – this Court's declaration of habitual criminal status is *not* discretionary."[44]  Thus, "where the State initiates the Habitual Offender process, the court is limited to granting only the result sought by the State."[45]

---

[42] Super. Ct. Crim. R. 35(a).
[43] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted).  *See Ellerbe v. State*, 155 A.3d 1283 (TABLE), 2017 WL 462144, at *1 (Del. Feb. 2, 2017).
[44] *State v. Peters*, 283 A.3d 668, 690 (Del. Super. 2022) (citing *Reeder v. State*, 2001 WL 355732, at *3 (Del. Mar. 26, 2001) ("We disagree that habitual offender status is discretionary under § 4214."); *Brown v. State*, 2020 WL 609646, at *2 (Del. Feb. 7, 2020)).
[45] *Id.* (citation omitted).

*Discussion*

19.    The Court does not reach Daniels' argument under *Erlinger* and the other cases he cites because in the Plea Agreement, Daniels agreed that he was eligible to be sentenced as a Habitual Offender.  Daniels also acknowledged in the Truth-In-Sentencing form that he faced a statutory minimum penalty of 15 years.

20.    As the Court previously found, Daniels acknowledged his habitual criminal status in writing and verbally at the plea hearing.  Also, the Court has already thoroughly reviewed Daniels' prior convictions and found that he was properly sentenced under the Habitual Offender statute, which was affirmed by the Delaware Supreme Court.

21.    Having admitted that he was subject to Habitual Offender sentencing, Daniels cannot now claim his rights were violated by an enhanced sentence without a jury determination.

22.    Daniels' sentence was not illegal.  The Motion is **DENIED**.

    **IT IS SO ORDERED**.

May 19, 2025

                                  /s/Kathleen M. Miller
                                  Kathleen M. Miller, Judge

Original to Prothonotary
cc: Shawn D. Daniels (SBI#00355256)
    Brian Arban, Esq.
    Matthew Bloom, Esq.